IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. IV) | : : : | Consolidated Under MDL DOCKET NO. 875 |
| MIKE THURMON, et al. | : : | E.D. PA Civil Action No. 11-cv-63953 |
| v. | : : | Transferor Court: |
| A.W. CHESTERTON, INC., et al. | : | GA-N 11-01407 |

**M E M O R A N D U M**

M. Faith Angell                                                                                  July 30, 2012
U.S. Magistrate Judge

Presently before this Court are a variety of motions all related to Plaintiffs' discovery requests addressed to Defendants Scapa Waycross, Warren Pumps, and Honeywell International.

**Background Facts**[1].

The decedent, William H. Thurmon, Sr., was employed as a machine operator, and later as a production shift supervisor, at the Rayonier pulp mill located in Jessup, Georgia from 1954 until his retirement in 1985.  He contracted mesothelioma and died on December 27, 2009.  Plaintiffs, the decedent's children and the executor of his estate, filed this action in the State Court of Gwinnett County, Georgia on June 3, 2010, alleging, *inter alia*, that the decedent had been exposed to asbestos-containing products at the Rayonier mill.  Plaintiffs named forty entities as defendants including Scapa Waycross, Warren Pumps and Honeywell International.  Defendant General Electric removed the action to federal court on April 29, 2011.  It was then transferred to MDL 875 on May 20, 2011.

---

1       Background facts are limited to those relevant to the motions decided in this Memorandum and Order and are undisputed for the purposes of these discovery motions unless otherwise noted.  Those facts that are relevant to only one of the Defendant's pending motions will be noted in the appropriate section of the discussion which follows.

Page **3** of **8**

On September 7, 2011, the Honorable Eduardo C. Robreno issued a Scheduling Order in this case which included a discovery deadline of January 5, 2012.  During the discovery process, Plaintiffs offered testimony from five witnesses about the decedent's alleged exposure to asbestos at the Rayonier mill – Ellis Shannon Copeland, Rhett Butler, Bobby Trull, Donald McGregor and William H. Thurmon, Jr.[2]

On December 2, 2011, Plaintiffs' Counsel sent a letter to all counsel of record, requesting an opportunity to depose each defendant's corporate representative before the close of discovery or such other agreed-upon date prior to any deadline to respond to summary judgment motions. The letter requested that counsel provide the name of their client's corporate designee as well as available deposition dates.  Counsel were advised that if no response was received by December 9, 2011, Plaintiffs would notice the corporate designee deposition on the first available date. General topics of testimony and types of documents requested were listed in an attachment to the letter.  The information sought related to "any asbestos-containing products or materials dating from 1940 through the date of this notice."  Counsel for two defendants responded with the names of their corporate representatives and proposed deposition dates.  All other counsel either responded that they were unwilling to make a corporate designee available or did not respond.  As to the defendants at issue here, Scapa Waycross and Honeywell International declined to produce a corporate designee while Warren Pumps did not respond.

On January 4, 2012, Plaintiffs noticed the depositions of 30 corporate designees, all to occur the following day in Plaintiffs' Counsel's Office in Atlanta, unless otherwise agreed upon by counsel.  On January 5, 2012, Scapa Waycross, Honeywell International and Warren Pumps

---

2    The decedent was not deposed before he died.

Page **4** of **8**

filed motions to quash the 30(b)(6) notice of deposition[3].  These three defendants argue that they had not been given reasonable notice prior to the deposition date, the scope and breadth of the depositions is unreasonable and unduly burdensome, and the deposition notices are improper because Plaintiffs had not produced any witness who identified specific products of the defendants to which the decedent had been exposed.  On the same day, January 5, 2012, Plaintiffs filed a motion to extend discovery an additional ninety days "to provide Plaintiffs with the time needed to conduct the depositions of Defendants' corporate representatives."

In their opposition to Defendants' motions to quash the 30(b)(6) depositions, Plaintiffs argue that when they served the January 4, 2012 deposition notices, Counsel for Defendants were "fully informed that Plaintiffs would proceed with the depositions on January 5 as noticed if any Defendant wished to appear and present their witness, but would otherwise schedule the depositions at another mutually agreeable time."  According to Plaintiffs, they have diligently pursued discovery and Defendants have summarily denied them the opportunity to depose their corporate representatives.

Consistent with Judge Robreno's Scheduling Order, motions for summary judgment were filed on April 19, 2012.  These motions are now fully briefed and scheduled for oral argument on September 11, 2012.

**Plaintiffs Are Not Entitled to Depositions of Corporate Representatives of Defendants Scapa Waycross, Honeywell International and Warren Pumps.**

The 30(b)(6) Deposition Notices served by Plaintiffs on Defendants Scapa Waycross, Honeywell International and Warren Pumps for depositions scheduled on the following day did not provide reasonable notice as is required under F.R.C.P. 30(b)(1).  The fact that Plaintiffs

---

3    Various other defendants filed motions to quash the corporate deposition notices.  I have been informed that all have been resolved by agreement and, therefore, they have been marked "terminated" on the docket.

Page **5** of **8**

preceded these deposition notices with a December 2, 2011 letter asking for cooperation from Counsel for Defendants does not change this.   Nor does the fact that Plaintiffs filed a motion to extend discovery on the discovery deadline, one day after serving the deposition notices.

In addition, discovery has closed and there is no evidence that the decedent was directly exposed to any asbestos-containing product of these Defendants.   Plaintiffs are not entitled to testimony of a corporate representative without some evidence to connect a particular product/products of Defendants to the decedent's alleged asbestos exposure.   Noticing a 30(b)(6) deposition to obtain testimony from a defendant identifying all asbestos products it supplied, sold or distributed over a sixty plus year period is not proper.   *See* Fed.R.Civ.Pro. 30(b)(6) which requires a deposition notice to "describe with reasonable particularity the matters for examination."   *See also Appleton-Hultz v. Amcord*, MDL 875, CA No. 09-64275, April 29, 2011 Order of the Honorable Thomas J. Rueter [Docket #167] at p. 1 (declining to require defendant to produce any witness or records where after ten months of discovery, plaintiffs had not produced sufficient evidence that the decedent worked on or was in close proximity to defendant's aircraft); and *Unzicker v. A.W. Chesterton*, MDL 875, CA No. 11-66288, May 31, 2012 Order of the Honorable David R. Strawbridge [Docket #182] at p. 13 (granting defendant's motion for protective order where 30(b)(6) deposition notice does not set forth the topics to be discussed with reasonable particularity as is required by the rule and is overbroad since it related to products about which there is no evidence of exposure to plaintiff)[4].

---

4       Because I have determined that Defendants' motions to quash the 30(b)(6) notices will be granted, I will deny Plaintiffs' motion to extend discovery to complete these 30(b)(6) depositions.

Page **6** of **8**

**Plaintiffs Are Not Entitled to Compel Discovery from Defendant Scapa Waycross While Awaiting a Decision on Their Rule 56(d) Request to Obtain Access to Discovery.**

The issue of whether Defendant Scapa Waycross supplied asbestos-containing dryer felts to the Rayonier pulp mill is vigorously contested by Plaintiffs and Scapa Waycross.  Plaintiffs argue that there is conflicting evidence of record, citing, *inter alia,* the testimony of Rhett Butler, who worked as a maintenance mechanic and pipefitter at the Rayonier mill from 1970 through 2006.  According to Plaintiffs, Mr. Butler testified at his deposition in this case that "he saw Scapa felts there and they were asbestos containing."  *See Oral Argument, N.T. 7/17/12* at p. 34.  Scapa Waycross takes the position relying, *inter alia*, on the testimony of the corporate representatives of the Rayonier mill that "there were no dryer felts by Scapa or anybody else at the Rayonier pulp mill where Mr. Thurmon worked."  *Id.* at p. 31.

This dispute has led to the filing of a variety of motions, including Plaintiffs' motion to compel access to Scapa Waycross "felt cards/master cards" and Defendant Scapa Waycross' motion for Rule 11 sanctions for Plaintiffs' "wholly frivolous claims against Scapa."  Relevant for this discussion, I find that the Plaintiffs' motion to compel, filed on November 15, 2011, does not suffer from the same timeliness problems as their 30(b)(6) motions discussed above.

However, at this point in the process, Defendant Scapa Waycross has filed a motion for summary judgment on the basis that "[P]laintiffs have failed to satisfy their burden of proof with respect to an essential element of their claims, thus entitling Scapa to summary judgment. Specifically, Plaintiffs have failed to produce any evidence that William H. Thurmon, Sr. worked with or in close proximity to any dryer felt, much less an asbestos-containing dryer felt manufactured, sold or supplied by Scapa."  *Scapa Waycross' Motion for Summary Judgment* [Docket #102] at p. 2.

Page **7** of **8**

In response to Scapa Waycross' motion for summary judgment, Plaintiffs have requested under Fed.R.Civ.Pro. 56(d) that the motion for summary judgment be denied or delayed to permit Plaintiffs access to the "felt cards/master cards."  Plaintiffs argue:

> "As a preliminary matter, Plaintiffs respectfully request that this Court deny or delay ruling on the [Scapa Waycross] motion for summary judgment because of Scapa's discovery abuses and failure to permit access to documents directly relevant to the issues presented, which it has in its custody and control.  Further, this Court should first rule on Plaintiffs' motion to compel discovery previously propounded on Defendant Scapa Waycross, Inc.  To do otherwise, the Court would be basing its ruling on an incomplete record, and otherwise improperly allow Scapa to hide documents in order to obtain summary judgment. [ . . . ]  The documents that are the subject of Plaintiffs' motion to compel – i.e., the "master cards," "felt cards," and "yellow cards" that are in the possession of Scapa – contain evidence that is directly relevant and material to the issues involved in this action, and as such, are clearly discoverable under the Federal Rules of Civil Procedure."

*Plaintiffs' Response in Opposition to Scapa's Motion for Summary Judgment* [Docket #118] at pp. 12-13.

At this stage of the proceedings, Plaintiffs' motion to compel is duplicative of their Rule 56(d) request.  Their request for access to Scapa's felt cards/master cards is enmeshed in the issues raised in Scapa Waycross' motion for summary judgment, and is better resolved under Rule 56(d).  Therefore, I will deny Plaintiffs' motion to compel and reserve their request for access to the Scapa documents for decision in the summary judgment context.

At oral argument, Scapa Waycross requested that argument on the motion for Rule 11 sanctions be deferred until after its summary judgment motion is decided.  *See Oral Argument, N.T. 7/17/12* at 63 ("[I]f Judge Robreno denies the [summary judgment] motion, I believe under federal law my sanction motion is probably moot.  So that's why I believe it probably should be deferred.").  Because I agree that the ruling on Scapa Waycross' motion for summary judgment may affect its motion for Rule 11 sanctions, I will reserve ruling on the motion for sanctions.

Page **8** of **8**